UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DONALD W. STRECK,

    Petitioner,

v.                                                          3:05-cv-385

STATE OF TENNESSEE,

    Respondent.

## MEMORANDUM OPINION

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by petitioner Donald W. Streck ("Streck"). The matter is before the court on the respondent's motion to dismiss and Streck's response thereto, and Streck's renewed motion for appointment of counsel. For the following reasons, the motion to dismiss [Court File No. 12] will be **DENIED**. Streck's motion for appointment of counsel [Court File No. 19] will be **GRANTED**, provided Streck qualifies for appointment of counsel.

Streck pleaded guilty, in 1996 in the Knox County Criminal Court, to theft of property valued at more than $60,000; he was sentenced to twelve years imprisonment, to be served consecutively to a previously imposed federal sentence. Streck was in federal custody at the time of the state conviction, serving a ten-year sentence. After the state conviction, Streck

received additional federal convictions; the sentences for those convictions were ordered to be served concurrent to all other sentences.[1]

Streck served all of his federal sentences before being transferred to state custody. This meant that Streck's release from federal custody was later than anticipated at the time his state sentence was imposed. The Tennessee Department of Correction calculated the commencement date of Streck's state sentence from the date he came into state custody, rather than the date it was originally anticipated that he would be released from federal custody to begin serving his state sentence, and thus did not give Streck credit toward his state sentence for the time he spend in federal custody serving the additional federal sentences.

Streck filed a motion with the Knox County Criminal Court for an order clarifying when his state sentence commenced or, alternatively, for credit toward his state sentence for the time spent serving the additional federal sentences. The trial court ordered the Tennessee Department of Correction to award Streck credit toward his state sentence for the time he

---

[1] In an opinion reversing the state trial court's decision granting Streck jail credits, the Tennessee Court of Criminal Appeals erroneously noted that the sentences for the additional federal convictions "were to be served consecutively to 'all other sentences.'" *State v. Streck*, No. E2003-01991-CCA-R3-CD, 2004 WL 2709152 *1 (Tenn. Crim. App. November 29, 2004). This court has reviewed the judgments in the additional federal convictions and determined that the sentences were ordered concurrent. *See United States v. Streck*, Criminal Action No. 3:98-cr-08 (E.D. Tenn. January 5, 2000) (Court File No. 21, Judgment of Conviction for false statements to a federally insured financial institution, p. 2, "The defendant is sentenced to a total term of imprisonment of 41 months to be served concurrently with all other sentences."); *United States v. Streck*, Criminal Action No. 3:00-cr-05 (E.D. Tenn. April 10, 2000) (Court File No. 10, Judgment of Conviction for false statements to a federally insured financial institution [count 1] and bank fraud [count 2], p. 2, defendant is sentenced to "24 months as to count 1 and 37 months as to count 2 to run concurrent with each other and to run concurrent with all other sentences.").

spent in federal custody following completion of the original ten-year sentence, and the State appealed. During the pendency of the appeal, Streck was released on parole, his release eligibility date having been adjusted based upon the jail credits ordered by the trial court.

The Tennessee Court of Criminal Appeals reversed, finding that the lower court lacked jurisdiction to consider Streck's motion for jail credit. *State v. Streck*, No. E2003-01991-CCA-R3-CD, 2004 WL 2709152 (Tenn. Crim. App. November 29, 2004). At that time, Streck's parole was revoked, he was re-arrested, and he was returned to state custody to serve the remainder of his sentence.[2]

Streck now challenges the execution of his state sentence and the legality of his confinement in state custody. He alleges that the reversal by the Tennessee Court of Criminal Appeals violated his right to due process, and that the revocation of his parole following that reversal violated his right to due process. The respondent moves to dismiss the petition on the grounds that this court lacks jurisdiction and that Streck has not exhausted his state remedies.

The respondent contends that this court lacks jurisdiction to remedy an alleged error of state law. According to the respondent, a state court's alleged misinterpretation of state

---

[2]At the time Streck was released on parole from state custody, his federal supervised release on the additional federal convictions commenced. Upon his re-arrest following the reversal by the Tennessee Court of Criminal Appeals, a federal detainer issued, based upon a warrant for violation of supervised release. One of the grounds for the violation of supervised release was Streck's re-arrest by the State of Tennessee. Streck has pending a § 2241 petition against the United States and the U.S. Probation and Parole, in which he seeks to have the detainer withdrawn because it keeps him from receiving parole on his state sentence. *Streck v. United States*, Civil Action No. 3:06-cv-290 (E.D. Tenn.).

3

sentencing guidelines and crediting statutes is a matter of state concern only. That is true. *See, e.g., Sinistaj v. Burt*, 66 F.3d 804, 807 (6th Cir. 1995) ("Errors of state law alone cannot form the basis of relief under federal habeas corpus."). This court, however, does have jurisdiction to consider whether an error of state law violates a petitioner's rights under the due process clause of the U.S. Constitution, which "depends primarily upon whether there has been any fundamental unfairness and prejudice." *Matthews v. Lockhart*, 726 F.2d 394, 396 (6th Cir. 1984). Under the circumstances of this case, the court finds it proper to exercise its jurisdiction to consider Streck's claims that his due process rights were violated.

The respondent also contends that Streck has failed to exhaust his state court remedies, as required by 28 U.S.C. § 2254(b)(1)(A). According to the respondent, Streck may pursue an administrative remedy pursuant to the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-101 *et seq.*, with respect to the calculation of his jail credits and revocation of his parole. Streck's claims for relief, however, are grounded in his constitutional right to due process, not the denial of jail credit per se. Thus, as noted previously, the court finds it proper to exercise its jurisdiction to consider Streck's claims that his due process rights were violated.

Accordingly, the respondent's motion to dismiss will be **DENIED**. The respondent should address the merits of Streck's habeas corpus petition within thirty (30) days of the date of this Memorandum Opinion and accompanying Order. The court finds that it would be beneficial to have Streck represented by counsel in this matter and thus his motion for appointment of counsel will be **GRANTED**, provided he qualifies financially for the

appointment of counsel. The Clerk is **DIRECTED** to send Streck a financial affidavit (Form CJA 23), which Streck should complete, sign, and return expeditiously.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas W. Phillips<br>United States District Judge