UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DONALD W. STRECK, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-cv-385 |
| | ) | (*Jordan/Guyton*) |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by petitioner Donald W. Streck ("Streck"). For the following reasons, the petition for the writ of habeas corpus will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

I.  Standard of Review

A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Under Rule 8 of the Rules Governing Section 2254 Cases In The United States District Courts, the court is to determine, after a review of the answer and the records of the

case, whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. If the record shows conclusively that Streck is not entitled to relief under § 2254, there is no need for an evidentiary hearing and the petition should be denied. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Streck pleaded guilty, in 1996 in the Knox County Criminal Court, to theft of property valued at more than $60,000; he was sentenced to twelve years imprisonment, to be served consecutively to a previously imposed federal sentence. Streck was in federal custody at the time of the state conviction, serving a ten-year sentence. After the state conviction, Streck received additional federal convictions.

Streck served all of his federal sentences before being transferred to state custody. This meant that Streck's release from federal custody was later than anticipated at the time his state sentence was imposed. The Tennessee Department of Correction calculated the commencement date of Streck's state sentence from the date he came into state custody, rather than the date it was originally anticipated that he would be released from federal custody to begin serving his state sentence, and thus did not give Streck credit toward his state sentence for the time he spent in federal custody serving the additional federal sentences.

Streck filed a motion with the Knox County Criminal Court for an order clarifying when his state sentence commenced or, alternatively, for credit toward his state sentence for the time spent serving the additional federal sentences. The trial court ordered the Tennessee Department of Correction to award Streck credit toward his state sentence for the time he spent in federal custody following completion of the original ten-year sentence, and the State appealed. During the pendency of the appeal, Streck was released on parole, his release eligibility date having been adjusted based upon the jail credits ordered by the trial court.

The Tennessee Court of Criminal Appeals reversed, finding that the lower court lacked jurisdiction to consider Streck's motion for jail credit. *State v. Streck*, No. E2003-01991-CCA-R3-CD, 2004 WL 2709152 (Tenn. Crim. App. November 29, 2004). At that time, Streck's parole was revoked, he was re-arrested, and he was returned to state custody to serve the remainder of his sentence.[1]

---

[1] At the time Streck was released on parole from state custody, his federal supervised release on the additional federal convictions commenced. Upon his re-arrest following the reversal by the Tennessee Court of Criminal Appeals, a federal detainer issued, based upon a warrant for violation of supervised release. One of the grounds for the violation of supervised release was Streck's re-arrest by the State of Tennessee. Streck filed a § 2241 petition against the United States and the U.S. Probation and Parole, in which he sought to have the detainer withdrawn because it kept him from receiving parole on his state sentence; that case was later dismissed by agreement of the parties after entry of an agreed order revoking Streck's supervised release in the underlying criminal cases and imposing a term of imprisonment of 21 months with no further supervised release. *Streck v. United States*, Civil Action No. 3:06-cv-290 (E.D. Tenn. November 14, 2007) (order of dismissal).

In his habeas corpus petition, Streck challenges the execution of his state sentence and the legality of his confinement in state custody. He alleges that the reversal by the Tennessee Court of Criminal Appeals, and the revocation of his parole following that reversal, were fundamentally unfair and thus violated his rights to due process.

The respondent previously moved to dismiss the petition on the grounds that this court lacked jurisdiction to consider an alleged misinterpretation of state law and that Streck had not exhausted his state remedies. Out of an abundance of caution, the court denied the motion to dismiss and directed the respondent to address Streck's claims that his due process rights had been violated. The respondent has filed his response.

III.   Discussion

The execution of judgments in Tennessee is governed by Tenn. Code Ann. § 40-23-101(a), which states as follows: "When a person is sentenced to imprisonment, the judgment of the court shall be rendered so that the sentence shall commence on the day on which the defendant legally comes into the custody of the sheriff for execution of the judgment of imprisonment." In addition, a defendant is entitled to credit for time spent in custody awaiting arraignment and trial, and for time spent in custody subsequent to conviction, with respect to "*any conviction arising out of the original offense for which the defendant was tried.*" *Id*. § 40-23-101(c) (emphasis added). Tennessee law also provides as follows:

4

> If, as the result of conviction in another state or in federal court, the defendant has any additional sentence or portion thereof to serve, the court shall impose a sentence that is consecutive to any such unserved sentence unless the court determines in the exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders.

Tenn. R. Crim. P. 32(c)(2)(B).

Streck's state sentence was in compliance with Tennessee law: the sentence was ordered consecutive to his federal sentences; the time he spent in federal custody was spent serving his federal sentences only; and Streck did not come into the State's custody until he had served his federal sentences, at which time his state sentence commenced. The court finds no violation of due process in the execution of Streck's state sentence or his confinement in State custody. *See Matthews v. Lockhart*, 726 F.2d 394, 396 (6th Cir. 1984) (whether "rights under the federal due process clause" have been abridged "depends primarily upon whether there has been any fundamental unfairness and prejudice").

IV.  Conclusion

The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. Streck having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the

5

Federal Rules of Appellate Procedure. The court will further **DENY** Streck leave to proceed

*in forma pauperis* on appeal.

      **AN APPROPRIATE ORDER WILL ENTER.**

                                                           s/ Leon Jordan
                                             United States District Judge